613 F.2d 47
 UNITED STATES of America
v.
QUINONES, William Antonio a/k/a Chengo a/k/a Willie,
Appellant (D.C.Crim.No. 79-00139-08).
UNITED STATES of America
v.
FIGUEROA, Candida, Candida Figueroa, Appellant (D.C.Crim.No.
79-00139-11).
 Nos. 79-2310, 79-2311.
 United States Court of Appeals,
Third Circuit.
 Submitted on Motion by Appellee for Summary Affirmance Nov.
13, 1979.
Decided Jan. 17, 1980.
 
 Charles B. Burr, II, Griffith & Burr, P. C., Philadelphia, Pa., for appellants.
 Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief App. Section, Stephen V. Wehner, Edward S. G. Dennis, Jr., Asst. U. S. Attys., Philadelphia, Pa., for appellee.
 Before GIBBONS, HIGGINBOTHAM and SLOVITER, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 Appellants, William Antonio Quinones and Candida Figueroa, appeal from a pretrial ruling that they could not have the same counsel because the district court was not satisfied that they "had made the 'knowing and intelligent waiver' of their rights to effective assistance of counsel contemplated in United States v. Dolan, 570 F.2d 1177 (3d Cir. 1978)." United States v. Quinones, D.C.Crim. Nos. 79-139-08 and 11 (E.D.Pa. Sept. 6, 1979).
 
 
 2
 Upon reading the record of the trial judge's patient and detailed two-day hearing, we will affirm his ruling.
 
 I.
 
 3
 William Antonio Quinones and Candida Figueroa were indicted, along with ten other defendants, on May 31, 1979 in a twelve-count indictment charging a conspiracy to engage in the unlawful traffic of heroin in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 952(a), and related substantive offenses.
 
 
 4
 Both Quinones and Figueroa are named in Count One, the conspiracy count of the indictment. Overt Act No. 15 states that from December 1976 to February 1977 defendants Quinones and Figueroa traveled to Philadelphia, Pennsylvania from Chicago, Illinois. Paragraph 4(h) on pages 4 and 5 of the indictment alleges, in part, that in order to further the objects of the conspiracy, defendant Quinones directed and supervised defendant Figueroa in the acceptance of requests for purchases of heroin, the arrangement of deliveries of heroin, the acceptance of payment for delivery of heroin, and the delivery of heroin.
 
 
 5
 On August 27, 1979, upon learning that defendants Quinones and Figueroa intended to be jointly represented by Charles B. Burr, II, the government filed a motion for a pretrial hearing, to determine if these two defendants would be denied their sixth amendment right to effective assistance of counsel if they continued with joint representation, and if so, to determine if a knowing and intelligent waiver of that right would be elicited.
 
 
 6
 On September 4 and 5, 1979, Judge Louis H. Pollak conducted a hearing pursuant to this court's decisions in United States v. Dolan, 570 F.2d 1177 (3d Cir. 1978) (Rosenn, J.), and United States ex rel. Hart v. Davenport, 478 F.2d 203 (3d Cir. 1973) (Gibbons, J.).
 
 
 7
 Appellants argued at the hearing that they have a constitutional right to be represented jointly by counsel of their choice and to waive certain Sixth Amendment guarantees which might otherwise protect them. The government argues that if it acquiesced in allowing them to proceed with joint representation it would be fostering clearly reversible error which would result in needless and protracted litigation. On September 5, 1979, Judge Pollak ruled that a potential conflict of interest existed. He further ruled that he could not properly find a knowing and intelligent waiver of the defendants' constitutional right to effective representation.
 
 
 8
 On September 12, 1979, the appellants filed a notice of appeal from that ruling. Because of the appeal, the trial has been delayed, and the government has therefore filed a notice for summary affirmance.
 
 II.
 
 9
 In United States ex rel. Hart v. Davenport, this court ordered the issuance of a writ of habeas corpus, thereby invalidating a state court conviction where a single defense attorney, retained by all of the defendants' employers, had represented the petitioner, two employers and three other co-defendants. There we emphasized:
 
 
 10
 The legal standard to be applied to a claim of prejudice from joint representation is clear enough. The right to counsel guaranteed by the sixth and fourteenth amendments contemplates the service of an attorney devoted solely to the interests of his client. The right to such untrammelled and unimpaired assistance applies both prior to trial in considering how to plead, Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), and during trial, Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Recognizing that the right to such assistance of counsel may be waived, E. g., Adams v. United States ex rel. McCann, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268 (1942), we have refused to find any such waiver from a silent record. . . . (W)e have rejected the approach that before relief will be considered the defendant must show some specific instance of prejudice. . . . Instead, we have held that upon a showing of a possible conflict of interest or prejudice, however remote, we will regard joint representation as constitutionally defective.
 
 
 11
 Id. at 209-10.
 
 
 12
 In United States v. Dolan, we noted with precision the procedure that a trial judge must follow in such cases.
 
 
 13
 The waiver of effective assistance of counsel which the Davenport rule facilitates is subject to the limitations established earlier by the Supreme Court in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), that a waiver of a constitutional right must be made knowingly, intelligently, and with awareness of the likely consequences of the waiver. Whether the waiver is intelligent and competent "should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record." For a trial judge to find that a waiver is knowing and intelligent, he must be satisfied that the defendant is aware of the foreseeable prejudices his attorney's continued representation could entail for his trial, and possible detrimental consequences of those prejudices.
 
 
 14
 Implicit in this inquiry procedure is the possibility that a trial judge may not be satisfied that the waiver is proper. For example, a defendant may be competent enough to stand trial, but not competent enough to understand the complex, subtle, and sometimes unforeseeable dangers inherent in multiple representation. More importantly, the judge may find that the waiver cannot be intelligently made simply because he is not in a position to inform the defendant of the foreseeable prejudices multiple representation might entail for him.
 
 
 15
 Id. at 1181 (citations and footnotes omitted).
 
 
 16
 Most recently, in United States v. Rad-O-Lite of Phila., Inc., 612 F.2d 740, No. 79-1551 (3d Cir. December 28, 1979) (Seitz, C. J.), we again recognized this requirement that the district court scrutinize potential conflicts of interest in joint representation of counsel. We stated that "(t)he district court bears a substantial responsibility for ensuring that conflicts of interest resulting from joint representation do not deprive the accused of a fair trial." At 744.
 
 
 17
 Judge Pollak applied the precepts of Dolan and Davenport. His findings are not clearly erroneous. We will grant the government's motion for summary affirmance and will affirm the order of the district court requiring Burr to withdraw from representation of either William Quinones or Candida Figueroa.[1]
 
 
 
 [1]
 Judge Gibbons, while he agrees with this opinion insofar as it discusses the merits of the appeal, does not agree that the case was one which required summary disposition. He would have denied the government's motion for summary affirmance and permitted the appeal to proceed on a normal briefing schedule